FILED
DISTRICT COURT OF GUAM

APR 15 2005

MARY L.M. MORAN
CLERK OF COURT

(16)

1

2

3

4

5

6               IN THE DISTRICT COURT OF GUAM

7                     TERRITORY OF GUAM

8                           * * *

9

10    UNITED STATES OF AMERICA,        )
                                       )
11                   Plaintiff,        )
                                       )
12         vs.                         )    CASE NO. CR05-00031
                                       )
13    WILLIAM B. SAN MIGUEL FLORES,    )
                                       )
14                   Defendant.        )
      _____)

15

16

17              TRANSCRIPT OF PROCEEDINGS

18                      BEFORE

19       THE HONORABLE JOAQUIN V.E. MANIBUSAN, JR.

20                  Magistrate Judge

21

22                   **ENTRY OF PLEA**

23

                 **TUESDAY, APRIL 12, 2005**
24

25

                   Wanda M. Miles
                Official Court Reporter

1  **APPEARANCES:**

2

3  FOR THE PLAINTIFF:

4  UNITED STATES ATTORNEY
   BY:  RUSSELL STODDARD, Esq.
5  FIRST ASSISTANT U. S. ATTORNEY
   Suite 500, Sirena Plaza
6  108 Hernan Cortes Avenue
   Hagatna, Guam  96910
7

8

9  FOR DEFENDANT:

10 LAW OFFICES OF CIVILLE & TANG
   BY:  G. PATRICK CIVILLE, Esq.
11 330 Hernan Cortez Avenue
   Suite 200
12 Hagatna, Guam 96910

13

14

15

16

17

18

19

20

21

22

23

24

25

HAGATNA, GUAM; TUESDAY, APRIL 12, 2005; 1:42 P.M.

* * *

THE CLERK:  Criminal case 05-00031, United States of America versus William Bruce San Miguel Flores, change of plea.

Counsel, please state your appearances.

MR. STODDARD:  Good afternoon, Your Honor, Russ Stoddard on behalf of the United States.

MR. CIVILLE:  Good afternoon, Your Honor, Patrick Civille for William Flores, who is present with me in court.

THE COURT:  All right.  Before we proceed, let me have a side-bar with the counsel.

(Side-bar conference as follows:)

THE COURT:  Just a couple of matters of some uncertainty here, but in terms of a plea, just move to amend, I guess, and that will be on Page 3, I guess the references should be 11(c) rather than (e), should be deleted by 2002 amendment, so that will be (c) --

MR. STODDARD:  That's correct.

THE COURT:  So it should be 11(c)(3)(B) on 25, it will be 11(c)(1)B) on line 27.

And probably here on the very last page --

MR. STODDARD:  Right, I noticed that.

THE COURT:  -- (g) that talks about

1    translation.

2              MR. CIVILLE:  Yes, Your Honor.

3              THE COURT:  The only other thing that I just

4    wanted to be sure on is that the elements, you know,

5    has these two, which is correct, the Ninth Circuit

6    talks about including the third element, that the

7    statute requires an overt act as part of the

8    conspiracy, so I'm not too sure --

9              MR. STODDARD:  In money laundering, money

10   laundering doesn't require --

11             THE COURT:  Right.

12             MR. STODDARD:  -- conspiracy for money

13   laundering is the same as --

14             THE COURT:  So that's right.

15             MR. STODDARD:  -- Title 21, all it requires is

16   the agreement.

17             THE COURT:  That's what the cases say, it

18   doesn't require an overt, so that's why there's no

19   third element.  The government is satisfied.

20             MR. CIVILLE:  Thank you, Your Honor.

21             THE COURT:  You're welcome.

22                  (Side-bar concluded.)

23             THE COURT:  All right.  At this time the

24   defendant is before the court and the defendant desires

25   to enter a plea herein.  And because this is a case

1   that is assigned to Judge Alsup, he has required that

2   certain things be placed on file and on the record.  So

3   today we'll basically be dealing with the application

4   for admission and also the consent which is necessary

5   for this matter to proceed before the court.

6          So what I'll do is I'll deal with the consent

7   issue first and then go to the application that's

8   required by Judge Alsup, so we can do that in open

9   court, and then proceed with the plea itself.

10          So for purposes of today's proceedings, let

11   me ask that the defendant be placed under oath at this

12   time.

13          THE CLERK:  Mr. Flores, please raise your

14   right hand.

15                  WILLIAM BRUCE FLORES,

16   defendant herein, was first duly sworn and testified as

17   follows:

18          THE CLERK:  Please state your full name and

19   spell your last name for the record.

20          THE DEFENDANT:  My full name is William Bruce

21   Flores, F-L-O-R-E-S.

22          THE COURT:  Mr. Flores, because the matter

23   before the court today is a felony, under the

24   Constitution of the United States you have a right to

25   have a District Judge preside over the guilty plea.

1  However, you can enter your plea before me, a United

2  States Magistrate Judge; however, a district judge

3  would impose sentence at a later date.  Do you

4  understand that?

5  　　　　　THE DEFENDANT:  Yes, I do, Your Honor.

6  　　　　　THE COURT:  Okay.  Now, let me see, do we have

7  a consent?

8  　　　　　MR. CIVILLE:  Yes, Your Honor, one was filed

9  yesterday.  I have an extra copy if you'd like.

10  　　　　　THE COURT:  You're right, I'm sorry.

11  Generally it's not filed, it's usually given to me at

12  the time of taking the plea, but I see that's here

13  before me.

14  　　　　　So in connection with consent, let the record

15  indicate that the defendant has filed a consent to

16  Rule 11 plea in a felony case before a United States

17  Magistrate Judge that was filed in this court

18  yesterday, April 11th; it's signed by the defendant,

19  by his attorney, Mr. Civille, and approved by the

20  government, by Mr. Stoddard.

21  　　　　　Based upon the filing of the consent with the

22  court, the court finds that the defendant has consented

23  to enter his plea before a United States Magistrate

24  Judge.

25  　　　　　All right.  Now, Mr. Flores, before the court

1    can entertain your application for permission to enter

2    a guilty plea, and also take your guilty plea, the

3    court must be satisfied that you are pleading guilty

4    freely and voluntarily, and that there is a factual

5    basis for the plea, so the court will be asking you

6    certain questions in this regard. If you don't

7    understand a question, please consult with your

8    attorney.

9        Q.    Let me start by asking you, sir, how old are

10   you?

11       A.    I'm 50, Your Honor.

12       Q.    And could you tell me how far you've gone in

13   terms of your education?

14       A.    I've completed four years of college.

15       Q.    All right. And have you taken any medication,

16   alcohol or drugs of any kind today?

17       A.    Not at all, sir.

18       Q.    All right. And do you feel well and alert and

19   understand what's going on in court this afternoon?

20       A.    Yes. As with last week, a little anxious, but

21   I'm okay.

22       Q.    All right. And have you been treated recently

23   for any mental illness or addiction to narcotic drugs

24   of any kind?

25       A.    No, Your Honor.

1        Q.   And do you know of anything else that might

2   affect your ability to make informed decisions about

3   your case this afternoon?

4        A.   No, sir.

5        Q.   All right.  Now let me then ask you, have you

6   received a copy of the indictment in this case against

7   you, and have you discussed those charges and all the

8   facts surrounding the charges with your attorney,

9   Mr. Civille?

10       A.   Yes, Your Honor.

11       Q.   And are you satisfied with the representation

12  that you have received from your attorney, Mr. Civille?

13       A.   Yes, I am, Your Honor.

14            THE COURT:  All right.  At this time, what

15  I'd like to do then is ask you, direct you to the

16  application for permission to enter a plea of guilty.

17  As I indicated earlier, this is a form that's required

18  by Judge Alsup.

19            Do you have a copy of that application?

20            MR. CIVILLE:  Yes, Your Honor.

21            THE COURT:  All right.  Let me then turn your

22  attention to Page 4, line 15, and ask you to choose

23  either "does" or "does not" for purposes of this

24  proceeding.  Do you see that portion on line 4 --

25  Page 4, rather, line 15?

1            You must indicate whether the basis for the

2    plea "does" or "does not" reflect discussions with the

3    government.

4            THE DEFENDANT:  Yes, it does, Your Honor.

5            THE COURT:  All right, let me ask you if you

6    could circle "does".

7                 (The defendant complied.)

8            THE DEFENDANT:  Okay, I've done that, sir.

9            THE COURT:  And let me ask at this point then

10   that you execute the application.

11                (The defendant executes the application.)

12           THE COURT:  Let the record indicate that the

13   defendant is executing the application.  And let me ask

14   also that your attorney sign it.

15           MR. CIVILLE:  Today is the 12th, Your Honor?

16           THE COURT:  Today is the 12th, April 12.

17                (Counsel executes the form.)

18           THE COURT:  All right, can we have the form

19   please?

20                (The form was presented to the court.)

21           THE COURT:  All right, let the record indicate

22   that the defendant has signed in open court the

23   "Application For Permission To Enter A Guilty Plea"

24   in this matter.  And also that the application is

25   signed by his attorney, Mr. Civille, and dated today,

1   April 12, 2005.

2       Q.    Let me then ask you, Mr. Flores, is your

3   willingness to plead guilty then the result of

4   discussions that you or your attorney may have had

5   with the attorney for the government?

6       A.    Yes, Your Honor.

7           THE COURT:  All right.

8           Now the court has been furnished with a plea.

9   And let me ask your attorney to basically outline

10  certain changes that need to be made with regards to

11  the plea.

12          MR. CIVILLE:  Your Honor, if it please the

13  court, on Page 3 of the plea agreement, line 25, we

14  would ask that the Rule 11 citation be changed to read

15  Rule 11(c)(3)(8).

16          THE COURT:  That's ordered.

17          MR. CIVILLE:  And on line 27, Your Honor, the

18  same page, we would ask that that Rule 11 citation be

19  changed to read Rule 11(c) and then (1)(B) as it

20  already reads.

21          THE COURT:  That will be also ordered.

22          MR. CIVILLE:  Finally, Your Honor, I think

23  this is the only other change that might be

24  appropriate, we would ask on the final page of the

25  plea agreement, page 7, that -- I don't know if

1  paragraph (g) as in George needs to be deleted, but it

2  is superfluous, that he's had this agreement translated

3  for him into his native language.  Mr. Flores is a

4  native English speaker, Your Honor.

5  THE COURT:  All right.  So why don't we delete

6  the reference to (g) then.

7  MR. CIVILLE:  Yes, Your Honor.

8  THE COURT:  And paragraph (h) will be instead

9  the new paragraph (g).

10  MR. CIVILLE:  Yes, Your Honor.

11  THE COURT:  So ordered.

12  Q.   So with regards to the plea agreement then,

13  let me ask the defendant, is that your signature that

14  appears on Page 11 -- page 7?

15  A.   Yes, Your Honor, page 7, line 16.

16  Q.   All right.  And does -- rather, did you have

17  an opportunity to read and discuss the plea agreement

18  with your attorney before you signed it?

19  A.   Yes, Your Honor.

20  Q.   And do you understand the terms of the plea

21  agreement?

22  A.   Yes, Your Honor.

23  Q.   And does the plea agreement represent in

24  its entirety your understanding of your case with the

25  government?

1     A.   Yes, Your Honor.

2     Q.   Now, has anyone made any promise or assurance

3 to you of any kind in an effort to induce you to plead

4 guilty here today?

5     A.   No, Your Honor.

6     Q.   And has anyone attempted in any way to force

7 you or to pressure you, or to threaten you in any way

8 to plead guilty here today?

9     A.   No, Your Honor.

10    Q.   Now, you understand that by pleading guilty

11 and being convicted of the offense in this case, you

12 may lose valuable civil rights; do you understand that?

13    A.   Yes, I do.

14    Q.   All right.  And do you also understand that

15 you will be waiving or giving up your right to appeal

16 a conviction of your case?

17    A.   Yes, I understand that.

18    Q.   All right.  At this time then, Mr. Flores,

19 let me discuss with you the penalties for this offense.

20 And let me direct your attention to Page 2 starting on

21 paragraph 4.  And that provides that the maximum

22 penalty for the offense that you're pleading guilty to

23 is 20 years incarceration, a five hundred dollar fine,

24 and a hundred dollar special assessment fee, which must

25 be paid at the time of sentencing.  And any sentence

1   imposed may include a term of supervised release of up

2   to three years in addition to such term of

3   imprisonment.  Further, you understand that if at any

4   time while you are on supervised release you violate

5   one of the conditions, your supervised release may be

6   revoked and you may be subjected to an additional

7   two-year term of imprisonment.  You understand that

8   that's the maximum penalty?

9        A.   Yes, I do.

10        Q.   All right.  At this time then, let me discuss

11   sentencing guidelines.  United States Sentencing

12   Commission has issued guidelines for judges to use in

13   determining the sentence in a criminal case.  The

14   Supreme Court has recently ruled that these guidelines

15   are advisory; nevertheless, these guidelines are used

16   by judges for purposes of determining an appropriate

17   sentence in each particular case.  Now, have you and

18   your attorney discussed and talked about how those

19   guidelines might apply to your case?

20        A.   Yes, Your Honor.

21        Q.   And do you understand that the court will not

22   be able to determine the advisory guidelines sentence

23   for your case until after a presentence report has been

24   completed, and you and the government have had an

25   opportunity to challenge the reported facts and the

1    application of the guidelines as recommended by the
2    probation officer?
3        A.    Yes, I believe I understand.
4        Q.    And you also understand that any sentence
5    which ultimately may be imposed may be different from
6    what you and your attorney may have discussed or talked
7    about?
8        A.    Yes.
9        Q.    And do you understand that under the plea the
10   government has indicated it would recommend the minimum
11   based upon cooperation that you provide to the
12   government?
13       A.    Yes.
14       Q.    As determined under the guidelines.
15            All right.    At this time let me advise you
16   further that parole has been abolished in the federal
17   system, so if you are sentenced to prison you will not
18   be able to go to a parole board and ask to be released
19   early.    You understand that?
20       A.    Yes, I do.
21       Q.    All right.    At this time let me then talk
22   about rights that you are waiving by pleading guilty.
23            You have the right to plead not guilty to
24   the offense that you have been charged with in Count 3,
25   and you have the right to persist on that plea of not

1    guilty.  You would then have the right to a trial by

2    a jury; at that trial you would be presumed to be

3    innocent and the government would have to prove your

4    guilt beyond a reasonable doubt.

5            You would have the right to the assistance of

6    an attorney for your defense; you would have the right

7    to see and hear all witnesses testify under oath, and

8    have your attorney cross-examine them in your defense.

9    You would have the right on your own part to decline to

10   testify unless you voluntarily elected to do so in your

11   own defense.

12           You would have the right to the issuance of

13   subpoenas to compel the attendance of witnesses to

14   testify in your defense.  Should you decide not to

15   testify or put on any evidence, none of these facts

16   could be used against you.  Do you understand those

17   so far?

18        A.    Yes, Your Honor.

19        Q.    At your trial, your case will be decided

20   by a jury of 12 persons selected at random from the

21   community through a jury selection process.  Before

22   you can be convicted, all 12 persons must be convinced

23   that the United States had met its burden of proving

24   that you were guilty beyond a reasonable doubt.

25   Furthermore, if you are found guilty after a trial,

1   you would have the right to appeal that conviction to

2   a higher court, and if you could not afford to pay the

3   costs of an appeal, the government would pay those

4   costs for you. Do you understand that?

5        A.   Yes, I do.

6        Q.   If you plead guilty, however, and the court

7   accepts that plea, there will be no trial in your case,

8   and you will be waiving or giving up your right to a

9   trial and all those rights that I have mentioned to

10   you. Do you understand that?

11        A.   Yes, I do, Your Honor.

12        Q.   Furthermore, Mr. Flores, as long as you plead

13   not guilty, you have the right to remain silent; but if

14   you plead guilty, you are waiving that right because

15   the court may ask you questions about conduct on your

16   part that constitutes commission of the offense that

17   you're pleading guilty here to. Do you understand

18   that?

19        A.   Yes, I do.

20        Q.   Now given the circumstances and everything

21   that I have said to you so far, did you still wish to

22   proceed with your guilty plea?

23        A.   Yes, Your Honor.

24        Q.   All right. The court is informed that today

25   you're pleading guilty to Count 3 of the indictment

1   which charges you with money laundering conspiracy.

2   And the elements for that offense are stated on Page 3,

3   on paragraph 5, and let me direct your attention to

4   page 3, paragraph 5.

5          These are the essential elements for money

6   laundering conspiracy that the government must prove

7   beyond a reasonable doubt.

8          First, beginning in about May, 1998, and

9   continuing thereafter to and about January, 1999, more

10  exact dates being unknown, in the District of Guam,

11  there was an agreement between two or more persons to

12  commit the crime of money laundering as charged in the

13  indictment; and second, you the defendant became a

14  member of the conspiracy knowing of at least one of its

15  objects and intending to help accomplish that.  Do you

16  understand that these are the elements of the offense?

17       A.   Yes, I do, Your Honor.

18       Q.   All right.  And at this time let me address

19  you to the facts constituting commission of the

20  offense.  And for purposes of your plea, they are

21  stated on pages 4 to 5, starting from paragraph 7(a)

22  through 7(b), that is lines 4 through 28 on Page 4,

23  and line 1 to line 17 on Page 5.

24         Let me ask you, sir, to read to yourself

25  those paragraphs and when you are completed reading

1　it, please let me know and I will ask you certain

2　questions.

3　　　　　　　(Pause to review plea agreement.)

4　　　　　　　THE DEFENDANT:  I'm done, Your Honor.

5　　　　　　　THE COURT:  All right.

6　　　　Q.　　Before I ask you the question then, let me

7　just direct your attention to paragraph 10 on page 6.

8　And just so that I could put on the record that you

9　have been advised by your attorney and understand that

10　the conduct charged in Counts 3 to 10 of the indictment

11　has exceeded the limitations of time in which that

12　conduct could be charged.

13　　　　　　　So even though the statute of limitations has

14　run as to the offense that you're pleading guilty to

15　here today, you are waiving any statute of limitations

16　defense?

17　　　　A.　　Yes, that's correct.

18　　　　Q.　　All right.  At this time then let me ask you,

19　how do you wish to plead to Count 3 of the indictment

20　which charges you with money laundering conspiracy,

21　guilty or not guilty?

22　　　　A.　　Guilty, Your Honor.

23　　　　　　　THE COURT:  All right.  The court, after

24　having examined the defendant in this matter,

25　William Flores, makes a finding that the defendant

1   is fully competent and capable of entering an informed
2   plea, that his plea of guilty to money laundering
3   conspiracy as stated in Count 3 of the indictment is
4   knowing and voluntary, and supported by an independent
5   basis in fact containing each of the essential elements
6   of the offense.

7            The court is therefore signing the report and
8   recommendation concerning plea of guilty pursuant to
9   Rule 11(c)(3)(B) of the Federal Rules of Criminal
10  Procedure.  The court hereby recommends that the
11  defendant be adjudged guilty of the offense of money
12  laundering conspiracy, and have sentence imposed at a
13  later date by the district judge.  Today is the 12th,
14  the court is signing the report.  And the court advises
15  the parties that objections to the report and
16  recommendation are waived unless filed and served
17  within ten days hereof.

18           Let me ask at this point, does the government
19  want a sentencing date today?

20           MR. STODDARD:  Yes, Your Honor, we can go
21  ahead and have that set.

22           THE COURT:  All right.  This matter is
23  therefore set for sentencing for October 25, 2005, at
24  10:00 a.m. before Judge Alsup, who is the district
25  judge assigned the case.

1    The court will order that a presentence report

2    be made available and be provided the parties no later

3    than September 20, 2005.

4        Once again, sentencing, October 25, 2005 at

5    10:00 a.m. before Judge William Alsup.

6        All right. Let me ask counsel, are there any

7    other matters that need to be addressed by the court

8    this afternoon?

9        MR. CIVILLE: Yes, Your Honor. There was, I

10   think Friday, I executed a stipulation prepared by the

11   U. S. Attorney's Office regarding Mr. Flores, an

12   application for Mr. Flores to travel.

13       THE COURT: That's right, I see that. Here,

14   let me go ahead and approve that stipulation and

15   authorize the travel. So the court will sign it and

16   date it for today.

17       MR. CIVILLE: Thank you, Your Honor.

18       THE COURT: And release conditions will

19   continue as they are, except for the stipulation signed

20   by the court today.

21       MR. CIVILLE: Thank you, Your Honor.

22       THE COURT: Any other matters that need to be

23   addressed?

24       MR. STODDARD: Nothing further from the

25   government.

1          MR. CIVILLE:  Nothing for the defense, Your

2     Honor.

3          THE COURT:  All right, counsel, and

4     Mr. Flores, thank you for being here this afternoon.

5          MR. CIVILLE:  Thank you, Your Honor.

6          THE DEFENDANT:  Thank you, Your Honor.

7          MR. STODDARD:  Thank you, Your Honor.

8          (Proceedings concluded at 2:06 p.m.)

9                         *  *  *

10

11                 CERTIFICATE OF REPORTER

12

13    CITY OF AGANA        )
                           ) ss.
14    TERRITORY OF GUAM    )

15

16          I, Wanda M. Miles, Official Court Reporter

17    of the District Court of Guam, do hereby certify the

18    foregoing pages 1-21, inclusive, to be a true and

19    correct transcript of the shorthand notes taken by me

20    of the within-entitled proceedings, at the date and

21    time therein set forth.

22          Dated this 15th day of April, 2005.

23

24          _Wanda M. Miles_

25