WFlores.Sent.Memo

NOEL L. HILLMAN
Chief, Public Integrity Section
Department of Justice
RUSSELL C. STODDARD
First Assistant U.S. Attorney
JEFFREY J. STRAND
Assistant U.S. Attorney
Sirena Plaza Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

ORIGINAL

FILED
DISTRICT COURT OF GUAM
OCT -7 2005

RECEIVED
SEP 30 2005

MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM
HAGATNA, GUAM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 05-00031 |
| Plaintiff, ) | (LODGED UNDER SEAL) |
| vs. ) | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| WILLIAM BRUCE SAN MIGUEL FLORES ) a/k/a WILLY FLORES, ) | |
| Defendant. ) | |

The United States is seeking a substantial assistance downward departure to Level 8, to recognize the substantial assistance provided by the defendant in the investigation and prosecution of other persons who have committed offenses.

The Government asks that the Court consider the importance and the timeliness of the information the defendant provided in the investigation and prosecution of Gil A. Shinohara. The extent of his cooperation is detailed as follows:

The defendant's investigative assistance to federal law enforcement agencies was timely, extensive and complete. When approached by the FBI, he immediately admitted to his involvement in the Pedro's Plaza matter and entered into a plea agreement in which he agreed to

cooperate fully. He immediately began to work with investigators and subsequently devoted hundreds of hours to the tasks assigned him by government investigators and attorneys. In addition to multiple interviews, defendant also provided documentary evidence and made 33 recordings of telephone conversations and meetings with Shinohara. Further, the defendant made 65 other recording in various other investigations.

The recordings involving Shinohara were mixed English and Chamorro. In preparation for trial the translations provided to the defendant had to be reviewed. In some instances the tapes had to be translated and transcribed by the defendant himself. This effort took several months

The cooperation of defendant was also part of the motivation for the subsequent cooperation of the other two partners in the Pedro's Plaza venture.

Furthermore, defendant cooperated by testifying truthfully at the jury trials of Gil A. Shinohara. During the first trial, defendant testified that Shinohara, in his capacity as a Government of Guam official, had agreed to arrange the settlement a legal claim against the Government of Guam for a part of the settlement amount. In the second trial, defendant was the government's central witness regarding Shinohara's bank fraud and money laundering activities.

As the Court is aware Shinohara was, as the then governor's chief of staff, a powerful person on Guam. Cooperation and testimony such as defendant's will result in financial and social hardships for him and his family, and potentially, physical danger.[1] His sentence should count for his willingness to accept responsibility for his own conduct and to cooperate against a powerful and politically well connected person.

For the foregoing reasons, the government respectfully requests that the Court grant the Government's Motion for a Downward Departure from the range otherwise applicable under the Sentencing Guidelines to a Level 8. Furthermore, the government respectfully requests this

---

[1] The circumstances and prospects facing the defendant and other cooperators in this investigation have been worsened by the recent announcement by the former governor that he will again run for that office.

2

| | |
|---|---|
| 1 | Honorable Court impose a sentence of probation for five years on the defendant. The United |
| 2 | States further requests that the Court order the defendant to pay the fine within the range |
| 3 | described in the Draft Presentence Report. |
| 4 | William B.S.M. Flores was the pivotal witness in the second trial of Gil A Shinohara. |
| 5 | Without his truthful testimony a guilty verdict could not have obtained. A sentence |
| 6 | of five years probation and a fine of at least $6,000 and not more than $60,000 would balance |
| 7 | the defendant's culpability and his lengthy substantial assistance. |
| 8 | RESPECTFULLY SUBMITTED this 30th day of September, 2005. |

NOEL L. HILLMAN
Chief, Public Integrity Section
Department of Justice

RUSSELL C. STODDARD
First Assistant U.S. Attorney
Districts of Guam and NMI

By: _____
JEFFREY J. STRAND
Assistant U.S. Attorney