THE LAW OFFICE OF DAVID J. HIGHSMITH, P.C.
Suite 209, Union Bank of California Building, 194 Hernan Cortes Avenue, Hagatna, Guam 96910
(671) 477-8168 • FAX (671) 472-0027 • EMAIL: davehighsmith99@yahoo.com

FILED
DISTRICT COURT OF GUAM
DEC 29 2005
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL CASE NO. 05-00031 |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | MOTION FOR RELEASE PENDING |
| WILLIAM BRUCE SAN MIGUEL FLORES, also known as Willy Flores, | ) | APPEAL |
| Defendant. | ) | |

Defendant hereby moves for his release while he appeals his sentence to the Ninth Circuit Court of Appeals.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Defendant in this case, Mr. Willie Flores, has pled guilty to Conspiracy to Commit Money Laundering, a violation of Title 18 U.S.C. § 1956(b). He was sentenced on October 27, 2005 to eight months incarceration. Mr. Flores is due to report to U.S. Marshals on January 6, 2006.

The court sentenced Mr. Flores to incarceration for reasons that are unexplained in the record. Two persons accused of crimes in the same transaction, Mr. John Martinez and Mr. Takahisa Goto, were sentenced to no incarceration at all. The U.S. Attorney recommended at sentencing that Mr. Flores not be incarcerated. Mr. Flores co-operated extensively with federal authorities in the investigation of these two men and another fellow actor, Mr. Gil Shinohara. He testified against Mr. Shinohara at two different trials, one of which resulted in Mr. Shinohara's acquittal and the other in his conviction.

At these trials, the trial court judge, who later sentenced Mr. Flores, referred to him as "a government stooge" and congratulated the defense for putting him on trial as opposed to Mr. Shinohara. The judge's obvious feelings against Mr. Flores are surprising since the U.S. Attorney was content with Mr. Flores's co-operation. Thus, it seems likely that the judge shared the defense's perception that Mr. Flores was the main actor in the financial shenanigans that gave rise to the case. Thus, Mr. Flores received eight months while the two defendants who also pled guilty and co-operated with authorities received no jail time. This possibility of bias forms the basis of Mr. Flores's appeal of his sentence.

Mr. Flores has appealed his sentence to the Ninth Circuit Court of Appeals. He now moves for his release pending the decision of that court. The applicable law is Title 18 U.S.C. §3143(b), which provides that a defendant may be released if the court finds "that

In the District Court of Guam
U.S. v. Flores
Motion for Release Pending Appeal
Criminal Case No. 05-00031
Page 3

the person is not likely to flee or pose a danger to the safety of the community if released" and "that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal or an order for a new trial."

In this case, it is very unlikely that Mr. Flores is either a danger to the community or a flight risk. He was released for months pending his sentencing and testified at the government's request against a fellow actor, Mr. Gil Shinohara, at two different trials. His crime was of the "white collar" variety. He has been stripped of his license to practice his profession, engineering.

The leading Ninth Circuit case interpreting the phrase "substantial question of law or fact likely to result in reversal" in §343(b) is <u>United States v. Handy</u>, 761 F.2d 1279 (9th Cir. 1985); See also <u>United States v. Garcia</u>, 340 F.3d 1013, 1020 n.5 (9th Cir. 2003). The Ninth Circuit held that the phrase meant "fairly debatable" and cited to United States Supreme Court precedent. <u>Handy</u>, supra, 671 F.2d at p. 1281. <u>Barefoot v. Estelle</u>, 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). The court then stated that a substantial question was something more than a frivolous one. This is generally an easy standard for defendants to meet.

> We conclude that a "substantial question" is one that is "fairly debatable,"..."or "fairly doubtful,"..."In short, a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous."
> <u>United States v. Handy</u>, supra, 671 F.2d at p. 1283.

This is generally an easy standard for non-violent offenders to meet. A violent offender must meet a much higher standard to be released pending appeal. <u>United States v. Koon</u>, 6 F.3d 561 (9th Cir. 1993).

To sum up, Mr. Flores has met the requirements of §343(b). He is not a flight risk, he is not a danger to the community, and his appeal is substantial, not frivolous. He should be released pending appeal.

RESPECTFULLY SUBMITTED,

*[signature: David J. Highsmith]*

DAVID J. HIGHSMITH
COUNSEL FOR WILLIE FLORES