
DISTRICT COURT OF GUAM

JAN 12 2006

MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

TERRITORY OF GUAM

UNITED STATES OF AMERICA,

Plaintiff,

v.

WILLIAM BRUCE SAN MIGUEL, FLORES, also known as Willy Flores,

Defendant.

_______________________________/

CRIMINAL CASE NO. 05-00031

**ORDER DENYING MOTION FOR RELEASE PENDING APPEAL**

In this criminal case, defendant requests that he be released on bond pending appeal. After carefully considering this matter, the Court finds there is no basis to release defendant pending appeal. Accordingly, the motion is **DENIED** for the reasons set forth herein.

In addition the Court understands there was some confusion as to whether this Court had jurisdiction over this matter and the motion was filed with the Ninth Circuit. However, on January 10, 2006, the Ninth Circuit remanded the matter to this Court.

## I. BACKGROUND

On or about March 31, 2005 the government filed an indictment against defendant, William Bruce San Miguel, also known as Willy Flores, involving ten counts. The defendant was charged with the following: Bank Fraud (Count 1), Bank-Fraud Conspiracy (Count 2), Money-Laundering Conspiracy (Count 3), Money Laundering (Counts 4, 5, 6, 8, 9 and 10) and Engaging in Monetary

ORIGINAL

Transactions in Property Derived from Specified Unlawful Activity (Count 7). Thereafter, defendant agreed to cooperate with the government and agreed to plead guilty to Money-Laundering Conspiracy (Count 3), a violation of Title 18 U.S.C. § 1956(b). In exchange for the defendant's plea and cooperation, the government agreed to dismiss the remaining charges and recommend the defendant receive the minimum term of incarceration under the Sentencing Guidelines. On October 27, 2005, the Court sentenced the defendant to eight months imprisonment and three years supervised release for one count of Money-Laundering Conspiracy. The remaining nine counts were dismissed. The defendant now moves the Court to release him pending appeal.

## II. DISCUSSION

Release pending appeal by a defendant is governed by 18 U.S.C.§ 3143(b), which in pertinent part provides:

> (1) . . . the judicial officer shall order that a person who has been found guilty of an offense and who is has been found guilty of an offense and sentenced to a term of imprisonment, . . . be detained, unless the judicial officer finds by (A) **clear and convincing evidence** that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or ( c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in -
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1) (emphasis added).

Defendant submits that, by clear and convincing evidence, he is not likely to flee or pose a danger to the safety of any other person or the community. The Court agrees. The defendant is a resident of Guam, has extensive ties to the community and has no prior criminal convictions. Additionally, he has proven that he can and will comply with conditions of release imposed by this Court. Throughout this case, the defendant has been permitted to travel freely between Guam and neighboring islands for work related purposes without incident. Therefore, section 3143(b)(1)(A)

is satisfied.

However, the next issue the Court must consider is whether the appeal is for the purpose of delay and will raise fairly debatable questions, which if resolved favorably to him, will result in the reversal, an order for a new trial or a remand for resentencing. *See United States v. Handy*, 761 f.2d 1279, 1283 (9th Cir. 1985) (The "substantial question" language used in 18 U.S.C. § 3143(b) is to be interpreted to mean an issue that is "fairly debatable.").

Defendant seemingly suggests that in sentencing Mr. Flores, the Court was biased. By way of example, defendant states that two other individuals who were involved in the same transaction, Mr. John Martinez and Mr. Takahisa Goto, received sentences of no incarceration.[1] In addition, the government had recommended at sentencing that defendant only receive a sentence of probation.

It is true that the Court did not sentence Messrs. Martinez and Goto to terms of incarceration, however, their respective roles and participation in criminal activity was much more limited in comparison to that of the defendant. The Court observed defendant on the stand for two different trials and was able to judge defendant's credibility and determine his role in the criminal activity. At sentencing, the Court found that the defendant was one of the key players. Likewise, the Court found that the activity engaged in by defendant caused the Bank of Guam a significant loss of money. Therefore, the Court found that a term of incarceration was warranted.

Moreover, although defendant was facing a statutory maximum term of imprisonment of not more than 20 years total, and a sentencing guideline offense level of 19, with an imprisonment range of 30 to 37 months, defendant only received eight months imprisonment. The Court does not find any significant question was raised as to its sentencing of defendant which will result in a remand for resentencing, particularly in light of post *Booker*. "After *U.S. v. Booker*, 125 S.Ct. 738 (2005), district judges must calculate the Guidelines range as they did before--based on their own factual findings made by a preponderance of the evidence. The only difference is that the range

---

[1]The Court notes that Mr. Martinez was not actually a participant in the criminal activity for which defendant was a participant. He was involved in a separate crime.

they calculate is no longer mandatory." *U.S. v. Argento*, 371 F.Supp.2d 1167, 1170 (C.D.Cal.,2005).

## III. CONCLUSION

After carefully examining defendant's argument, the Court concludes that defendant has not raised a substantial question of law or fact that is likely to result in a reversal, new trial, or reduced sentence. Moreover, defendant has provided the Court with no reasons, exceptional or otherwise, why he should be freed pending appeal. Accordingly, defendant's motion is hereby **DENIED**.

In the event defendant appeals this decision, the surrender date of defendant to the United States Marshal will be addressed by the Ninth Circuit, otherwise, defendant is ordered to self-surrender to the United States Marshal on Guam by noon on January 26, 2006.

**IT IS SO ORDERED.**

Dated: January 12th, 2006.

DONALD W. MOLLOY* for
WILLIAM ALSUP**
UNITED STATES DISTRICT JUDGE

*The Honorable Donald W. Molloy, United States Chief District Judge for the District of Montana, sitting by designation.

**The Honorable William Alsup, United States District Judge for the Northern District of California, sitting by designation.