UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED
DISTRICT COURT OF GUAM

DEC 2 6 2006

MARY L.M. MORAN
CLERK OF COURT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>V.<br><br>WILLIAM BRUCE SAN MIGUEL FLORES,<br><br>Defendant - Appellant. | No. 05-10751<br>D.C. No. CR-05-00031-WHA<br><br><br>**JUDGMENT** |

Appeal from the United States District Court for the District Of Guam (Hagatna).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District Of Guam (Hagatna) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 11/28/06

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

DEC 2 0 2006

by:
Deputy Clerk

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 28 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff - Appellee, v. WILLIAM BRUCE SAN MIGUEL FLORES, Defendant - Appellant. | No. 05-10751 <br><br> D.C. No. CR-05-00031-WHA <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Guam
William H. Alsup, Distict Judge, Presiding

Submitted November 14, 2006**
Honolulu, Hawaii

Before: TROTT, WARDLAW, and W. FLETCHER, Circuit Judges.

William B. San Miguel Flores appeals his eight-month sentence following his guilty plea conviction for conspiracy to launder money, in violation of 18 U.S.C. § 1956(h). Flores argues that the district court judge should have recused

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

himself under 28 U.S.C. § 455(a), which requires that any judge "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Because we find that there was no bias, or appearance of bias, on behalf of the district court, we affirm.

We reject Flores's argument that the district court judge demonstrated bias during the sentencing hearing by making remarks regarding corruption in Guam. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). During the sentencing hearing, the district court's statements regarding the political corruption in Guam stemmed from the two trials conducted in his courtroom involving the illegal activities of the defendants, both former public officials. Flores was a Senator in Guam and his co-conspirator in the money laundering scheme was the Chief of Staff to the Governor of Guam. Moreover, there were no statements made by the district court that displayed a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

Contrary to Flores's assertion, the district court, while finding Flores and his co-conspirator equally culpable for the crime to which Flores pleaded guilty, nevertheless expressly accounted for Flores's cooperation, sentencing him to eight months imprisonment in the face of a guideline range of thirty to thirty-seven months. By contrast, Flores's co-conspirator, who did not plead guilty and whose guideline range was fifty-one to sixty-three months, was sentenced to thirty-two months. That the district court did not further downward depart as the government requested does not evidence bias against Flores, but rather, exercise of judgment based on the evidence presented at trial and the pre-sentence report.

We, therefore, affirm the district court's sentence.

AFFIRMED.

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

DEC 2 0 2006

by: Deputy Clerk