THE LAW OFFICE OF DAVID J. HIGHSMITH, P.C.
Suite 209, Union Bank of California Building, 194 Hernan Cortes Avenue, Hagatna, Guam 96910
(671) 477-8168 • FAX (671) 472-0027 • EMAIL: davehighsmith99@yahoo.com

FILED
DISTRICT COURT OF GUAM
MAR 12 2007
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL CASE NO. 05-00031 |
| Plaintiff, | |
| vs. | |
| WILLIAM BRUCE SAN MIGUEL FLORES, also known as Willy Flores, | MOTION TO RELEASE AND STAY OF EXECUTION |
| Defendant. | |

Defendant hereby moves for his release and for a stay of the execution of his sentence of 30 days.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Defendant in this case, Mr. Willie Flores, has pled guilty to Conspiracy to Commit Money Laundering, a violation of Title 18 U.S.C. § 1956(b). He was sentenced on October 27, 2005 to eight months incarceration. An appeal of this sentence was denied. Mr. Flores is due to report to U.S. Marshals on March 13, 2007.

Case 1:05-cr-00031    Document 64    Filed 03/12/2007    Page 1 of 2

ORIGINAL

THE LAW OFFICE OF DAVID J. HIGHSMITH, P.C.
Suite 209, Union Bank of California Building, 194 Hernan Cortes Avenue, Hagatna, Guam 96910
(671) 477-8168 • FAX (671) 472-0027 • EMAIL: davehighmith99@yahoo.com

In the United States District Court
For the District of Guam
United States of America v. William B. S.M. Flores
Motion to Release and Stay of Execution
Criminal Case No. 05-00031
Page 2

Mr. Flores moves for his release on humanitarian grounds. His mother died last week and the funeral is scheduled for March 17, 2007. He would like to attend the funeral and related functions. The applicable law is Title 18 U.S.C. § 3143(b), which provides that a defendant may be released if the court finds "that the person is not likely to flee or pose a danger to the safety of the community if released."

In this case, it is very unlikely that Mr. Flores is either a danger to the community or a flight risk. He has been released for years pending his sentencing and testified at the government's request against a fellow actor, Mr. Gil Shinohara, at two different trials. His crime was of the "white collar" variety. He has been stripped of his license to practice his profession, engineering. His release has not presented, to the best of counsel's knowledge, a problem for probation or the marshals.

To sum up, Mr. Flores has met the requirements of §3143(b). He is not a flight risk or a danger to the community. He should be released and his incarceration stayed for thirty days.

RESPECTFULLY SUBMITTED,

David J. Highsmith

DAVID J. HIGHSMITH
COUNSEL FOR W. FLORES

Floreswilliamp.36