ORIGINAL

WFlores2255Response

LEONARDO M. RAPADAS
United State Attorney
JEFFREY J. STRAND
First Assistant United States Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
APR 27 2007
MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 05-00031 |
| ) Plaintiff. ) | CIVIL CASE NO. 07-00008 |
| vs. ) | UNITED STATES' RESPONSE |
| WILLIAM BRUCE SAN MIGUEL ) FLORES, ) | TO MOTION TO VACATE SENTENCE |
| ) Defendant. ) | |

### ARGUMENT

William Bruce San Miguel Flores' Motion to Vacate Sentence is totally without merit. Flores alleges that the trial judge congratulated a co-conspirator's defense lawyers for putting him on trial instead of the co-conspirator. Even if made, those remarks would be insufficient as a matter of law to vacate Flores' sentence.

That conclusion results from how the Supreme Court has construed the words bias and prejudice in the context of a recusal of a judge. Bias and prejudice "connote a favorable or unfavorable disposition or opinion that is somehow <u>wrongful</u> or <u>inappropriate</u>, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess...." Liteky v. United States, 510 U.S. 540, 550 (1994) (emphasis in original). Further, "[t]he judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the

1

defendant, who has been shown to be a thoroughly reprehensible person. But the judge is not thereby recusable for bias or prejudice, since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings, and are indeed sometimes ... necessary to completion of the judge's task." Id. at 550-51.

Any remark that the trial judge may have made regarding the defense putting Flores on trial was neither wrongful or inappropriate as being undeserved or based on information improperly obtained. As a first matter, congratulating the defense attorney on an outstanding performance is not of itself a comment on the judge's attitude toward Flores, but only on the tactics and abilities of the lawyer. Since Flores' motion does not contain any facts indicating how the remark might demonstrate an undeserved judicial attitude toward Flores himself, the motion fails on that part of the definition of bias and prejudice. Second, Flores' motion and the alleged remark itself make it clear that the trial judge was commenting on matters that had occurred before him in the two trials in which Flores had testified against his co-conspirator. Thus any knowledge that prompted the remark was not extrajudicial or otherwise improperly obtained.

## CONCLUSION

Flores' Motion to Vacate Sentence does not state a legitimate basis for vacating his sentence and should be denied without a hearing.

. RESPECTFULLY SUBMITTED this 27th day of April, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
JEFFREY J. STRAND
First Assistant U.S. Attorney

2

# CERTIFICATE OF SERVICE

I, JEFFREY J. STRAND, First Assistant U.S. Attorney, U.S. Attorney's Office, Districts of Guam and NMI, hereby certify that on April 27, 2007, I caused to be served via hand delivery, a copy of the United States' Response to Defendant's Motion to Vacate Sentence, in <u>United States v. William B.S.M. Flores</u>, Criminal Case No. 05-0031, Civil Case No. 07-00008, to the defendant's counsel of record, at the following address:

> David J. Highsmith, Esq.
> The Law Office of David J. Highsmith, PC.
> Suite 209, Union Bank of California Bldg.
> 194 Hernan Cortez Ave.
> Hagatna, Guam

JEFFREY J. STRAND
First Assistant U.S. Attorney